a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MOKY CHEUNG #65071-177,**<br>**Plaintiff** | **CIVIL DOCKET NO. 1:25-CV-00412**<br>**SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **G GOLDEY,**<br>**Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

**REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2) filed by pro se Petitioner Moky Cheung ("Cheung"). Cheung is incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the execution of his sentence by the Bureau of Prisons ("BOP").

Because Cheung's request for a transfer does not arise under § 2241; he does not meet the requirements for a TRO; and his request for a speedier release is unexhausted, the Motion (ECF No. 2) should be DENIED, and the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Cheung was convicted of Conspiracy to Solicit and Receive Illegal Kickbacks, 18 U.S.C. § 371, and sentenced to 10 months of imprisonment. *United States v. Cheung,* 3:20-CR-071 (N.D. Tex), ECF No. 56. According to his exhibits, Cheung's full term statutory release date is September 16, 2025. ECF No. 1-2 at 2. His

projected release date with credits under the First Step Act ("FSA") is August 17, 2025.[1] *Id.* at 3, 4.

The BOP initially recommended that Cheung be placed in prerelease custody on March 21, 2025. ECF No. 1-2 at 6. However, Cheung alleges that the BOP subsequently rescinded that date due to over-crowding at the RRC. ECF No. 1 at 11. He seeks an order directing the BOP to reinstate the previously approved release date of March 21, 2025, and immediately transfer him to home confinement.

Cheung also claims that the BOP has failed to apply 20-30 days of earned time credits, which would make his release date March 21, 2025. *Id.* He asks that the Court order the BOP to apply the 20 to 30 days of First Step Act credits.

Cheung alleges that the exhaustion requirement of § 2241 should be waived, as exhaustion would cause him irreparable harm. *Id.*

Finally, he asks the Court to declare that the BOP's failure to apply earned credits violates federal law. *Id.* at 13-24.

## II. Law and Analysis

A TRO is an extraordinary remedy that should not be granted unless the movant establishes the following four elements by a preponderance of the evidence: "(1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting

[1] According to the online BOP inmate locator, Cheung's projected release date is August 2, 2025. https://www.bop.gov/inmateloc/

the preliminary injunction will not disserve the public interest." *Karaha Bodas Co. v. Perusahaan Pertambangan*, 335 F.3d 357, 363 (5th Cir. 2003).

A district court has authority to grant a writ of habeas corpus if the prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, a federal prisoner "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The petitioner has the burden of demonstrating the applicability of an exception to the exhaustion requirement. *See id.*

Cheung asserts that he should have been released from custody or transferred to an RRC on March 21, 2025. Cheung alleges that he will face irreparable harm if he is required to exhaust administrative remedies because he is entitled to immediate release or transfer.

Cheung's request that the Court transfer him to home confinement under either the First Step Act[2] or Second Chance Act[3] should be dismissed for lack of jurisdiction. A transfer to an RRC or home confinement does not affect the length of a sentence—only the place in which the sentence is served. Therefore, a claim related to a transfer to pre-release custody does not arise under § 2241. *See Maxwell v. Thomas*, 23-40699, 2025 WL 1000117, at *1 (5th Cir. 2025) (§ 2241 is "not the proper vehicle" to request a transfer to an RRC or home confinement because "neither would entitle [the prisoner] to accelerated release").

Moreover, neither the First Step Act nor the Second Chance Act guarantee placement in an RRC for any amount of time. And there is no constitutional right to be confined in a particular place—including an RRC. *See Candrick v. Carr*, 4:21-CV-994-P, 2021 WL 6617671, at *1 (N.D. Tex. 2021) ("Notwithstanding a prisoner's eligibility for pre-release [residential reentry center] placement, it is well settled that there is no constitutionally protected right of a convicted person . . . to be confined in

---

[2] The First Step Act provides that eligible inmates may earn time credits towards pre-release custody (i.e., home confinement or halfway house placement), or an early transfer to supervised release, if they complete BOP approved "evidence-based recidivism reduction programs or productive activities" that are assigned to the inmate based on the inmate's risk and needs assessment. 18 U.S.C. § 3621(h)(2).

[3] The Second Chance Act directs that the BOP:

> (1) . . . shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. §§ 3624(c)(1)(2007).

any particular place."). A decision to designate a facility as a place of federal detention is "plainly and unmistakably" within the BOP's discretion and a court "cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *United States v. Stone*, 1:17-CR-100, 2025 WL 509441, at *1 (E.D. Tex. Feb. 14, 2025) (citations omitted). Indeed, the BOP has the sole authority to designate a prisoner's place of incarceration. *See United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) (citing *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)); *United States v. Johnson*, No. 3:01-CR-167, 2021 WL 3713457, at *8 (S.D. Miss. 2021) ("Once a sentence is imposed, BOP is clearly solely responsible for determining an inmate's place of incarceration.").

Cheung provides no authority for his claim that the recommended placement date created a protected liberty interest. He acknowledges that the BOP considered his placement in an RRC, which is all that is required by law. This Court is without authority to designate Cheung's place of confinement and order his transfer to an RRC.

Cheung also claims that his release date under the First Step Act would be March 21, 2025, with the application of 20 to 30 days of credit. However, nothing in Cheung's Petition, memoranda, or exhibits indicate his release date could be calculated as March 21, 2025. His 10-month sentence commenced on November 18, 2024. As of March 21, 2025, he had served just over four months. With 30 credits under the First Step Act, Cheung's sentence expires in August 2025.

Cheung cannot meet his burden of establishing an exemption to the exhaustion requirement. As such, his request for a speedier release should be dismissed for his failure to exhaust. And because Cheung does not establish a substantial threat of irreparable harm or a likelihood of success on the merits, he is not entitled to a TRO.

## III. Conclusion

Because Cheung's request for a transfer does not arise under § 2241; he does not meet the requirements for a TRO; and his request for a speedier release is unexhausted, IT IS RECOMMENDED that the Motion for Temporary Restraining Order (ECF No. 2) be DENIED, and the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 8, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE